# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN BARRIOS,<br><br>                    Petitioner,<br><br>v.<br><br>FEDERAL JUDGE, et al.,<br><br>                   Respondents. | Case No.:  3:20-cv-0777-GPC-LL<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## FAILURE TO SATISFY THE FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.  See Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, he must submit, **no later than July 13, 2020,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

## FAILURE TO NAME A PROPER RESPONDENT

Furthermore, review of the Petition reveals that Petitioner has failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having

custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent."  *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner."  *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Federal Judge" and "Chief Immigration Judge" as Respondents.  In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

/ / /

/ / /

/ / /

1

## FAILURE TO STATE A COGNIZABLE CLAIM ON FEDERAL HABEAS

2

      Additionally, in accordance with Rule 4 of the rules governing § 2254 cases,

3

Petitioner has failed to allege that his state court conviction or sentence violates the

4

Constitution of the United States.

5

      Title 28, United States Code, § 2254(a), sets forth the following scope of review

6

for federal habeas corpus claims:

7

          The Supreme Court, a Justice thereof, a circuit judge, or a

8

district court shall entertain an application for a writ of habeas

9

corpus in behalf of a person in custody pursuant to the
judgment of a State court only on the ground that he is in

10

custody in violation of the Constitution or laws or treaties of the
United States.

11

12

28 U.S.C. § 2254(a) (emphasis added).  *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th

13

Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v.*

14

*Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal

15

habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody

16

pursuant to a "judgment of a State court," and that he is in custody in "violation of the

17

Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).

18

      Here, Petitioner's claim concerns his immigration status.  Petitioner argues that he

19

was born in the United States and is therefore a United States citizen.  (*See* Pet., ECF No.

20

1 at 3.)  In no way, however, does Petitioner claim his incarceration in a California

21

Department of Corrections and Rehabilitation facility is "in violation of the Constitution

22

or laws or treaties of the United States."  28 U.S.C. § 2254.

23

      Further, the Court notes that Petitioner cannot simply amend his Petition to state a

24

federal habeas claim and then refile the amended petition in this case.  He must exhaust

25

state judicial remedies before bringing his claims via federal habeas.  State prisoners who

26

wish to challenge their state court conviction must first exhaust state judicial remedies.

27

28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust

28

state judicial remedies, a California state prisoner must present the California Supreme

Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## CONCLUSION

Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to satisfy the filing fee requirement, failure to name a proper respondent and failure to state a cognizable claim.  To have this case reopened, Petitioner must, **no later than July 13, 2020**:  (1) either pay the filing fee or provide adequate proof of his inability to pay **and**  (2) file a First Amended Petition in conformance with this Order.  *For Petitioner's convenience, a blank petition form and a blank in forma pauperis application are included with this Order*.

**IT IS SO ORDERED.**

Dated:  May 21, 2020

Hon. Gonzalo P. Curiel
United States District Judge